IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMIE LESHNOV

    Plaintiff,

v.       CASE NO.:

OAKLEA SIMPSON
SECURITY, LLC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JAMIE LESHNOV, (hereinafter referred to as the "Plaintiff" or "LESHNOV"), by and through her undersigned attorney, sues Defendant, OAKLEA SIMPSON SECURITY, LLC. (hereinafter referred to as the "Defendant" or "OSS"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of gender, sex, sexual harassment and retaliation for engaging in a protective activity in the terms, conditions, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, and 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, 42 U.S.C. § 1981.

1

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

*6.* Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations against (FCHR No.: 202230186) and the United States Equal Employment Opportunity Commission (EEOC No.: 15D202100718) on July 6, 2021. On December 20, 2021, FCHR issued a Notice of Determination. Plaintiff thereafter

requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was not received until March 21, 2022.

## *PARTIES*

7. Plaintiff is a citizen of the State of Florida, Escambia County and who resides in Pensacola Beach, Florida.

8. Defendant, Oaklea Simpson Security, LLC., is a for foreign for profit corporation that is licensed to do and/or is does business in Pensacola, Escambia County Florida.

## *FACTS*

9. Plaintiff is 42 year old Caucasian female.

10. Plaintiff was employed by Defendant from July 9, 2018 until May 11, 2021, as a Target Development Network Analyst.

11. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner and was not the subject of any disciplinary issues.

12. During Plaintiff's employment with Defendant, she was subjected to gender discrimination, sexual harassment and retaliation by Scott Bond (Supervisor) and Niles Nelson.

13. Plaintiff was repeatedly subjected to sexist jokes, discussion of genitalia and discussions about best words to use when ranking women based on

their appearance.

14. On April 14, 2021, Plaintiff sent an email to Scott Niles about the sexism, male favoritism and sexually inappropriate comments by Mr. Bonds and Mr. Nelson.

15. The reported behavior consisted of a culture of sexist and gender-based discriminatory behavior being tolerated by Scott Niles and Kevin Ernest (Project Manager).

16. Even after having reported the gender and sexual harassment and discrimination, Plaintiff was repeatedly subjected to more sexist jokes and harassment Mr. Bonds and Mr. Nelson.

17. The gender discrimination by Mr. Bonds and Mr. Nelson was also prevalent in their exclusion of female analysts and reporters from key work production e-mail chains.

18. As a result of Mr. Bonds and Mr. Nelson behavior towards Plaintiff and other females, government officials complained to Defendant and sought to exclude Mr. Bonds and Mr. Nelson from meetings because of their behavior, attitude and disrespect towards female analysts and reporters.

19. Mr. Bonds told Plaintiff she was the third female that had "issues" with him and Niles Nelson. There were only three females on the team, so by his own admission, all the female team members had an issue how he treated them.

20. Mr. Bond informed Plaintiff that the company did not have unconscious discrimination and/or gender training.

21. After being informed by Plaintiff that she was going to report the matter to HR, Mr. Bond stated he wanted to "fix" the situation internally and not go to HR as it would adversely affect the contract.

22. Mr. Bonds attempt to shame Plaintiff into not reporting him and Mr. Nelson, which made Plaintiff very uncomfortable as the complaint she had was specific to Mr. Bonds as he was her superior and she wanted the human resources office to be aware of the continued harassment and discrimination.

23. After Plaintiff made her formal complaint, Mr. Bonds approached her about her work hours. However, prior to her having filed the formal harassment and discrimination complaint, Mr. Bonds did not have a problem with Plaintiff's work hours nor was she ever written up or given a formal warning about them.

24. On April 16, 2021, Plaintiff sent another email about worsened behavior by Mr. Bond.

25. On May 11, 2021 at 10:00 am, Plaintiff was terminated via a phone call with Scott Bond (TL), Kevin Ernest (PM), and Paul Kob (CEO) because the company was going in "another direction".

26. When plaintiff asked for a reason behind the decision to go in another direction, as she was never had a negative evaluation and she had have out-

performed her fellow analysts. Mr. Paul stated he did not need to give Plaintiff a reason and effective immediately she no longer worked for OSS.

27. On May 13, 2021, Plaintiff received a Letter of Termination wherein the stated reason for termination was due to the hours not worked and that she was previously counseled by Scott Bond on ways to increase her hours.

28. The reasons given for Plaintiff's termination were a pretext for Defendant's failure to remedy the gender and sexual harassment of Plaintiff by Defendant, and was in retaliation for her reporting the gender discrimination and sexual harassment.

## FIRST CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 28 of this complaint with the same force and effect as if set forth herein.

30. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

31. At all times herein, Defendant was an employer within the meaning of Title VII, as it employed more than fifteen (15) employees.

32. Plaintiff is a Caucasian female.

33. Over the course of Plaintiff's employment with Defendant, Plaintiff's

workplace was permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the harassment and discrimination of female employees working for Defendant.

34. During Plaintiff's employment with Defendant, she was subject to unwelcome, unfair discriminatory treatment and harassment by Mr. Bond and Mr. Nelson because she was a female.

35. Male employees were not the subject of unwelcome, unfair discriminatory treatment or harassment by Mr. Bond and Mr. Nelson.

36. The unwelcome and unfair discriminatory treatment and harassment of Plaintiff effected the terms and conditions of her employment as she was excluded from meetings and required to perform tasks and was held to a different standard than the male employees.

37. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*SECOND CAUSE OF ACTION*
*(Title VII- Gender Retaliation)*

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 28 of this complaint with the same force and effect as if set forth herein.

39. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

40. On multiple occasions, but as recently as May 2019, Plaintiff engaged in activity protected by Title VII when she objected and complained to Defendant about the continued harassment and discrimination by Mr. Bond and Mr. Nelson.

41. After doing so, Plaintiff was subjected to unwelcome harassment and retaliation by Mr. Bonds and Nelson as they continued to harassed, intimidate Plaintiff.

42. As a direct result of Plaintiff having in good faith objected to and reported acts of gender and sexual harassment and retaliation, Plaintiff's employment was terminated.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Title VII Sexual Harassment/ Hostile Work Environment)*

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 28 of this complaint with the same force and effect as if set forth herein.

45. Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse

actions and treatment by Defendant in violation of the Title VII of the Civil Rights Act of 1964.

46. Plaintiff is a Caucasian female.

47. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment by Mr. Bond and Mr. Nelson.

48. During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment by Mr. Bond and Mr. Nelson.

49. No male employees were the subject of sexual harassment by Mr. Bond or Mr. Nelson, as they permeated a culture of sexist and gender-based discriminatory behavior, including continually subjecting Plaintiff and other female employees to sexist jokes and harassment by Mr. Bond and Mr. Nelson.

50. Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress. Defendant's failure to act on Plaintiff's complaints actions further resulted in tension and hostility towards Plaintiff from Mr. Bond and Mr. Nelson.

51. Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

52. Plaintiff is now suffering and will continue to suffer irreparable injury

and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *FOURTH CAUSE OF ACTION*
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 28 of this complaint with the same force and effect as if set forth herein.

54. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

55. At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

56. At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

57. Most recently, Plaintiff was employed as a Target Development Network Analyst and she was qualified for the position.

58. During her employment, Plaintiff reported and objected to Defendant's management and corporate human resources the gender and sexual harassment by Defendant's management.

59. After Plaintiff's reportings and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and

state law had been violated, Defendant's management harassed, and attempted to coheres Plaintiff into not reporting any further matters and after her refusal Defendant's management summarily terminated Plaintiff's employment.

60. There was no substantive or reasonable business justification for the termination of Plaintiff's employment; she had not been previously warned of a deficient job performance.

61. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act.

62. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated within weeks of her final reporting and after her continued objections to the Defendant regarding the ongoing acts of sexual and gender discrimination and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace discrimination and harassment.

63. There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant;

and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

64. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

65. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

66. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

67. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

68. Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the Title VII and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105;

b) Enjoining and permanently restraining those violations of the Title VII and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: June 14, 2022.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*